IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JERMAINE APPLEWHITE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-CV-00194- |
| | § | MJT-CLS |
| NAVY FEDERAL CREDIT UNION | § | |
| SAFETY ADJUSTERS, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jermaine Applewhite alleges that the manner in which Defendant Navy Federal Credit Union Safety Adjusters's[1] repossessed his vehicle constituted an unlawful and extortionate debt collection practice in violation of 18 U.S.C. § 894. *See* [Dkt. 1]. The District Court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On May 6, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 4] advising the Court to: (1) dismiss this case without prejudice, *sua sponte*, because 18 U.S.C. § 894 does not create a private cause of action, thus depriving the Court of subject matter jurisdiction; (2) deny Applewhite leave to amend his complaint because of this jurisdictional divesture; and (3) deny as

---

[1] As observed by Judge Stetson, the clerk docketed "Navy Federal Credit Union Safety Adjusters" as the lone Defendant in this case, but Applewhite's complaint appears to identify "Navy Federal Credit Union" and "Safety Adjustors" as two distinct Defendants. *See* [Dkt. 1]. Because the Court will adopt Judge Stetson's recommendation to dismiss this case without prejudice, any apparent discrepancy between the complaint and the case caption is harmless.

moot Applewhite's Motion for Temporary Restraining Order [Dkt. 2]. On May 12, 2025, Applewhite filed timely objections [Dkt. 5] to the report.

**I.    Applewhite's Objections to the Report and Recommendation are Overruled**

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). Applewhite seemingly objects to all three of the report's recommendations. *See* [Dkt. 5].

   A.    Subject Matter Jurisdiction and Rule 12(h)(3)

Judge Stetson found that Applewhite had not successfully pleaded this Court's federal question jurisdiction, 28 U.S.C. § 1331, and consequently recommended *sua sponte* dismissal of this case pursuant to Rule 12(h)(3). [Dkt. 4 at 7–10]. According to Applewhite, he properly invoked § 1331 because he set forth several state law tort claims, Supremacy Clause and federal due process claims, and that 18 U.S.C. § 894 provides an arguable cause of action that does not strip this Court of jurisdiction. [Dkt. 5 at 1–2].

Initially, a plain reading of Applewhite's complaint demonstrates that he only asserted a claim under 18 U.S.C. § 894. *See* [Dkt. 1]. Even affording liberal construction of the complaint leaves nothing susceptible to the claims articulated by Applewhite in his objections. *See Ellis v.*

*Clarksdale Pub. Utilities*, No. 21-60885, 2023 WL 3302839, at *3 (5th Cir. May 8, 2023) (quoting *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995))) ("But even though 'this court applies less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construes the briefs of *pro se* litigants, a *pro se* appellant still must actually argue something that is susceptible of liberal construction.'"); *Coleman v. United States*, 912 F.3d 824, 836 n.14 (5th Cir. 2019) (citation omitted); *see also E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)) ("Despite our general willingness to construe *pro se* filings liberally, we still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'"); *Raskin v. Jenkins*, No. 23-10960, 2024 WL 3508051, at *2 n.3 (5th Cir. July 23, 2024) (citation omitted).

The claims raised in Applewhite's objections amount to an impermissible *de facto* amended complaint without leave. As an aside, it goes without saying that the alleged state tort claims do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Next, Judge Stetson correctly determined that 18 U.S.C. § 894 does not provide a private cause of action with which Applewhite can summon this Court's jurisdiction. [Dkt. 4 at 8–10]. District courts around the country have held that 18 U.S.C. § 894 is a criminal statute unavailable to a plaintiff to assert a private cause of action. *Id.* at 9–10. This finding is incontrovertible, and Applewhite's claims to the contrary are in error. Applewhite also claims that this Court has supplemental jurisdiction, 18 U.S.C. § 1367, over his state law claims. [Dkt. 4 at 2]. Once more, Applewhite did not raise state law claims. *See* [Dkt. 1]. Even had he done so, courts may only exercise § 1367's supplemental jurisdiction over "any civil action of which the district courts have

3

original jurisdiction." 18 U.S.C. § 1367.  For the reasons above, this Court does not have original jurisdiction over this case.  Applewhite's first objection is overruled.

### B. Temporary Restraining Order

Applewhite objects next to the recommendation that the Court deny as moot his Motion for Temporary Restraining Order [Dkt. 2] for a lack of subject matter jurisdiction. [Dkt. 5 at 2–3].  Because this Court has no jurisdiction over this case, it possesses no authority to decide Applewhite's motion.  As such, the Court sees no reason to address Applewhite's challenges to Judge Stetson's findings on the procedural and substantive deficiencies of his motion, *id.*, which otherwise did not serve as the basis of the recommendation to deny it as moot [Dkt. 4 at 11].  This objection is overruled.

### C. Leave to Amend

Lastly, Applewhite requests the Court to allow him to amend his complaint if necessary to clarify jurisdiction. [Dkt. 5 at 3].  To the extent this may even be construed as an objection, the Court will not consider "[f]rivolous, conclusive or general objections." *Nettles*, 677 F.2d at 410. In any event, the Court's hands are tied.  Amendment under these circumstances is futile because this Court lacks subject matter jurisdiction. *See* [Dkt. 4 at 10–11].  "[A]ll" the Court can do "[is] dismiss the suit." *Wadhams v. Am. Fed'n of Tchrs.*, No. 22-40246, 2022 WL 14461695, at *2 (5th Cir. Oct. 25, 2022) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)); *see also Redmond v. Williams*, No. 4:22-CV-00910-SDJ-AGD, 2023 WL 7984388, at *7 (E.D. Tex. Sept. 13, 2023), *R & R adopted*, No. 4:22-CV-00910-SDJ-AGD, 2024 WL 420115 (E.D. Tex. Feb. 5, 2024).  Of course, Applewhite is free a new civil action, subject to all the limitations of applicable law.

4

## II. Order

The Court has conducted a *de novo* review of Plaintiff Jermaine Applewhite's objections consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff Jermaine Applewhite's objections [Dkt. 5] are OVERRULED. Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 4] is ADOPTED.

Pursuant to Rule 12(h)(3), this action is DISMISSED WITHOUT PREJUDICE. Plaintiff Jermiane Applewhite's Motion for Temporary Restraining Order [Dkt. 2] is DENIED AS MOOT and he is DENIED leave to amend his complaint.

**SIGNED this 14th day of May, 2025.**

                                                            Michael J. Truncale
                                                            United States District Judge